**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GEORGE E. MEDLEY,

      Plaintiff,

  -vs-                                                    No. CIV 00-0534 LH/WWD

MICHAEL SANDOVAL, alias "Mike" Sandoval;
EARL HOLMES; GERALD T. GALVIN; THE
CITY OF ALBUQUERQUE; BRADFORD
ENTERPRISES, INC.; DENNIS SIEBERT dba
GREAT WESTERN RECOVERY AND AAA
WRECKING; and FIRST SECURITY BANK OF
UTAH, N.A.;

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on First Security Bank's Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (Docket No. 16), filed July 24, 2000. The Court, having considered the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is well taken in part and will be **granted in part**.

As alleged in the First Amended Complaint for Damages Resulting from Deprivation of Civil Rights and from Other Tortious Acts (Docket No. 10), Plaintiff agreed to assume payments owed to First Security Bank of Utah, N.A. (First Security) for a Ford F250 truck he purchased. (First Am. Compl. ¶ 5.) Defendant Sandoval, an Albuquerque police officer, (*id.* ¶ 3), subsequently determined that payments on the truck were delinquent and notified Defendant Bradford Enterprises, Inc., a firm used by First Security to locate and repossess vehicles, of the truck's location, (*id.* ¶ 14). On January

13, 2000, Sandoval, Bradford Enterprises, and Defendant Dennis Siebert, d/b/a Great Western Recovery and AAA Wrecking, went to Plaintiff's property, dismantled a locked gate, entered, and repossessed the vehicle.  (*Id.* ¶ 15.)  At that time, "Defendant Bradford Enterprises, Inc., and Defendant Dennis Siebert were acting as agents of Defendant First Security bank [sic] of Utah, N.A., and acting within the scope of this authority and under control and direction of Defendant First Security Bank of Utah, N.A."  (*Id.* ¶ 17.)

Plaintiff sues under 42 U.S.C. §§ 1983 and 1985(3), the U.S. Constitution, and the constitution and statutes of New Mexico.  Plaintiff does not name First Security in any of his four causes of action.  In "Count Two, Conspiracy To Deprive Plaintiff Of Equal Protection Of Laws, January 13, 2000 [sic]," however, he asserts that Sandoval, Bradford Enterprises, and Great Western Recovery "conspired to deprive Plaintiff of his immunity against search and seizure without a warrant."  (First Am. Compl. ¶ 3.)  His first, third, and fourth causes of action, respectively, are for "Wrongful Arrest, February 19, 1999," (*id.* at 8-9), "Seizures Without A Warrant Or Process, April 19, 1999 [sic]," (*id.* at 11), and "General Harassment And Vexing Conduct [sic]," (*id.* at 11-13).

First Security moves for dismissal on grounds that Plaintiff has alleged no acts committed by it that would constitute a conspiracy under 42 U.S.C. § 1985, that it cannot be held vicariously liable under section 1985, that there are no allegations that it or its agents were motivated by racial or other discriminatory animus as required by section 1985, and that neither it nor its agents are mentioned in Counts One, Three, and Four.  (*See* Mem. Supp. Mot. Dismiss at 2.)  Plaintiff responds that he is suing First Security for violation of 42 U.S.C. § 1983, not section 1985, or alternatively, under state law for breach of the non-delegable duty to repossess collateral without breaching the peace.  (*See* Medley's Mem. Opp'n at 3.)  Plaintiff argues that the rule against vicarious liability for violation of

civil rights applies only to municipalities.  (*See id.* at 5.)  If the Court finds this claim insufficient, Plaintiff states that he is prepared to prosecute First Security for state law claims of trespass, conversion, and repossession by breach of peace.  (*See id.* at 10.)  First Security replies that it also cannot be held vicariously liable under 42 U.S.C. § 1983 for the actions of agents.  (*See* First Security Bank's Reply Mem. at 3.)  First Security also maintains that if the Court dismisses the federal law claims, the state law claims should be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3).  (*See id.* at 5.)

"Lower federal courts have consistently ruled that private defendants who act under color of state law may not be held liable on the basis of respondeat superior."  1A MARTIN A. SCHWARTZ & JOHN E. KIRKLIN, SECTION 1983 LITIGATION CLAIMS AND DEFENSES § 6.4, at 602 & n.67 (3d ed. 1997); *see also Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992) ("[E]very circuit court to consider the issue[, the holding in *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978), that a municipal corporation cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis,] has extended the holding to private corporations as well.").  Thus, Plaintiff's section 1985 and 1983 claims against First Security will be dismissed.

First Security maintains that any remaining state law claims should be dismissed pursuant to 28 U.S.C. § 1367:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>     . . .
>       (3)  the district court has dismissed all claims over which it has original jurisdiction . . . .

28 U.S.C. § 1367(c)(3).  As First Security first makes this argument in its reply brief, Plaintiff has not had the opportunity to fully respond, although he does maintain that because the state law claims are

"inextricably interwoven" with Defendant Sandoval's activities, the Court can exercise supplemental jurisdiction over First Security.  Regardless,

> [s]ubsection (c)(3) requires that *all* claims over which [the district court] has original jurisdiction must have been dismissed before [it] may rely on that provision as a basis for dismissing the supplemental claims.  This refers to all claims in the case, not just those claims asserted against a particular defendant.  If a defendant faces only state claims, the court must exercise its supplemental jurisdiction over those claims as long as claims remain against other defendants for which original jurisdiction is present.

16 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 106.66[1], at 106-88 (3d ed. 2000).

Therefore, First Security's Motion will be denied as to this issue.

**IT IS HEREBY ORDERED** that First Security Bank's Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (Docket No. 16), filed July 24, 2000, is **GRANTED IN PART AND DENIED IN PART**.

1. The Motion to Dismiss is **granted** as to Plaintiff's 42 U.S.C. §§ 1983 and 1985 claims against First Security.

2. The Motion to Dismiss is **denied** as to Plaintiff's state law claims against First Security.

_____
**UNITED STATES DISTRICT JUDGE**

4